**Attachment A**

**Property To Be Searched**

This warrant applies to any and all information associated with the email accounts cmurphy42o@gmail.com, varehodc@gmail.com, cody.murphy302@gmail.com, don.adcock@gmail.com, and donald.adcock.doe@gmail.com that are stored at premises owned, maintained, controlled, or operated by Google Inc., its subsidiaries, or designees. Google Inc. is a company headquartered and accepting service at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

## ATTACHMENT B

### Particular Things to be Seized

I.   **Information to be disclosed by Google (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on May 23, 2016, July 6, 2016, and August 17, 2016, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A from January 1, 2012 until February 18, 2015:

a. The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. The types of service utilized;

d. All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

1

e. All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

The Provider is hereby ordered to disclose the above information to the government within fourteen days of the issuance of this warrant.

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 18 U.S.C. § 1001, 18 U.S.C. § 1014, 18 U.S.C. § 1343, and 18 U.S.C. § 1951 (hereinafter referred to as the "Target Offenses"), those violations involving Donald Adcock and Douglas Upperman and occurring on or after January 1, 2012, including, for each account or identifier listed on Attachment A (except as further specified below), information pertaining to the following matters:

(a) Information and evidence regarding the financial and personal relationship of and between Donald Adcock and Douglas Upperman (for accounts don.adcock@gmail.com and donald.adcock.doe@gmail.com);

(b) Information and evidence regarding the financial and personal relationship of and between Donald Adcock and Cody Murphy (for accounts varehodc@gmail.com, cmurphy42o@gmail.com, cody.murphy302@gmail.com, don.adcock@gmail.com, and donald.adcock.doe@gmail.com);

(c) Information and evidence regarding the hiring of Douglas Upperman by the United States Department of Energy in approximately April 2014 (for accounts don.adcock@gmail.com and donald.adcock.doe@gmail.com);

2

(d) Information and evidence regarding the hiring of Cody Murphy by ActioNet, Inc. in approximately March 2014 (for accounts varehodc@gmail.com, cmurphy42o@gmail.com, cody.murphy302@gmail.com, don.adcock@gmail.com, and donald.adcock.doe@gmail.com);

(e) Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

(f) Evidence indicating the email account owner's state of mind as it relates to the crime under investigation;

(g) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(h) The identity of the person(s) who communicated with the user ID about matters relating to the matters described in items (a) through (d) discussed above, including records that help reveal their whereabouts.

### III. Government procedures for warrant execution

The United States government will conduct a search of the information produced by the Provider and determine which information is within the scope of the information to be seized specified in Section II. That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the Provider that does not fall within the scope of Section II and will not further review the information absent an order of the Court.